## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN BAILEY,**

      **Plaintiff,**

**vs.**                        **Case No. 4:11cv304-SPM/WCS**

**EDWIN G. BUSS, et al.,**

      **Defendants.**

_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42

U.S.C. § 1983.  Doc. 1.  Plaintiff also filed a motion seeking leave to proceed *in forma*

*pauperis*, doc. 2.  The motion appeared to be appropriate and was granted by separate

order.  Doc. 4.  However, upon review of Plaintiff's complaint it now appears that leave

to proceed should have been denied and the clerk will be directed to vacate that order.

Plaintiff has not answered the question on the complaint form concerning his

prior cases.  Doc. 1.  Plaintiff states that he has been a "frequent filer" and his

"meritorious issues have never been fairly ruled on . . . ."  *Id.*, at 4.  It is Plaintiff's

responsibility to honestly disclose all prior cases.  Plaintiff acknowledges having had

other actions dismissed as frivolous, malicious, failing to state a claim, or prior to service, but Plaintiff fails to disclose that case or cases, or even indicate how many cases were so dismissed.  Plaintiff may not avoid his obligation to keep track of his litigation history by simply asserting he has lost documents between transfers.  Plaintiff also may not avoid dismissal of his case by failing to honestly disclose his prior cases. It is clear that Plaintiff has three "strikes" and may not proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  Case 9:06cv80203 was dismissed in the Southern District of Florida on the grounds that it failed to state a claim. Case 8:09cv672 was dismissed in the Middle District of Florida because Plaintiff's claims were "wholly insubstantial and frivolous."  Doc. 2, of that case.  The order of dismissal noted that Plaintiff had "previously filed a similar civil rights complaint seeking the same form of injunctive relief."  *Id.*, at *citing 8:06cv790.*  The dismissal order stated that the earlier case had also been dismissed because it was frivolous, and the dismissal was affirmed by the Eleventh Circuit Court of Appeals.  *Id.*  Therefore, Plaintiff

has accumulated more than three strikes and his motion for *in forma pauperis status* in this case must be denied.

The instant complaint does not alleges that Plaintiff is in danger of serious physical injury and, thus, his allegations do not bring him within the "imminent danger" exception.  Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

Accordingly, it is **ORDERED** that the Clerk shall vacate the order entered June 28, 2011, doc. 4, which granted leave to proceed *in forma pauperis.*

In light of the foregoing, it is also respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice,** and the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.