IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN BAILEY,

      Plaintiff,

v.                                     CASE NO.  4:11cv304-SPM/WCS

EDWIN BUSS, et al.,

      Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court on Plaintiff John Bailey's motion for reconsideration.  Doc. 9.  Plaintiff argues that the Court should have converted his § 1983 complaint into a habeas petition despite his insufficient allegations regarding exhaustion of remedies or cause and prejudice to overcome a procedural default.

Plaintiff's reliance on Jones v. Bock, 549 U.S. 199, 212 (2007), to argue that exhaustion need not be pleaded in the habeas context is misplaced.  Under Title 28, United States Code, Section 2254 exhaustion is required for habeas relief, and exhaustion cannot be waived unless expressly done so by counsel for the State.  28 U.S.C. § 2254(b)(1)(A) and (b)(1)(3).  Furthermore, in the interests

of federal and state comity, the Court may require exhaustion before considering a habeas petition.  <u>Winck v. England</u>, 327 F.3d 1296, 1300-01 (11th Cir. 2003).  Given the deficiencies in Plaintiff's complaint, the Court finds no basis to reconsider its prior determination not to covert the complaint into a habeas petition.  If Plaintiff wishes to file a habeas petition, he has the opportunity to do so on the proper form since the dismissal was without prejudice.  Accordingly, it is

ORDERED AND ADJUDGED: the motion for reconsideration (doc. 9) is denied.

DONE AND ORDERED this 26th day of July, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.  4:11cv304-SPMWCS